# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

ANN SUMKA, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-17-471-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
        Defendant. )

## **OPINION AND ORDER**

Plaintiff Ann Sumka (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 49 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant has worked in the past as a certified nurse's aide. Claimant alleges an inability to work beginning December 6, 2013 due to limitations resulting from back problems, carpal tunnel syndrome, torn rotator cuff, osteoarthritis in both knees, and depression.

**Procedural History**

On July 7, 2014, Claimant protectively filed for protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 21, 2016, Administrative Law Judge ("ALJ") B.D. Crutchfield conducted an administrative hearing in Tulsa, Oklahoma. On November 15, 2016, the ALJ entered an unfavorable decision. The Appeals Council denied review on October 23, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

properly consider the application of the Medical-Vocational Guidelines ("Grids"); (2) reaching an RFC which was not supported by substantial evidence; and (3) citing to evidence which could not form the basis for the denial of disability.

**Application of the Grids**

In her decision, the ALJ found Claimant suffered from the severe impairments of degenerative joint disease of the bilateral knees, lumbar degenerative disc disease, and status post posterior decompression. (Tr. 23). The ALJ determined Claimant retained the RFC to perform sedentary work. In so doing, she found Claimant could lift ten pounds occasionally and less than ten pounds frequently; could sit for six hours out of an eight hour workday with normal breaks; could stand and walk for six hours out of an eight hour workday with normal breaks; should not climb ladders, ropes, or scaffolds; and could occasionally stoop. (Tr. 25).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of assembler, stuffer, and sorter, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 30). As a result, the ALJ concluded that Claimant was not under a disability from December 26, 2013 through the date of the decision. Id.

Claimant contends the ALJ failed to consider whether he was in

a "borderline age situation" which she asserts would have resulted in a finding of disability, in combination with the ALJ's other findings. At the time of the ALJ's decision, Claimant was 49 years, six months, and nine days old. Claimant contends the ALJ failed to consider that he was in a borderline age category. At the time of the ALJ's decision, Claimant was 49 years, 6 months, and 14 days old or 5 months and 17 days from turning 50 years old. At age 49, Claimant fell within the "younger individual age 45-49" category but upon turning 50, she would be considered the "individual closely approaching advanced age" category. 20 C.F.R. § 404.1563(d). The same section explains the application of the age of a claimant to the disability analysis in stating

> (b) How we apply the age categories. When we make a finding about your ability to do other work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b).

"Older age is an increasingly adverse vocational factor for persons with severe impairments." Soc. Sec. R. 83-10. The case authority is fluid on establishing how close to the next age

6

category a claimant must be to be placed in that category.  But it is clear that the ALJ must address the issue in the first instance. Byers v. Social Security Admin., 2012 WL 6700377, *2-3 (10th Cir. 2012).  The ALJ did not address the possibility that Claimant belongs in the next age category but shall do so on remand. This Court is not directing that she find Claimant to be in the borderline age category but, considering the sedentary work level in which Claimant has been placed and the extent of her limitations, if Claimant does fall in the borderline category it likely will affect her disability status.

**Evaluation of the Medical Evidence**

Claimant also challenges the ALJ's findings with regard to evidence of greater functional limitation than found by in the RFC. Specifically, Claimant contends the ALJ should have included a limitation in the treatment notes by PA-C Wainwright on August 1, 2014 to no repetitive back motions.  (Tr. 525).  It is unclear whether this restriction was temporary given the remainder of the treatment record or constituted a permanent restriction.  The fact remains that the ALJ must evaluate every medical opinion in the record, and she will consider several factors in deciding the weight that should be given to any medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R.

7

§ 416.927(d)). In evaluating medical opinions, the ALJ must accord each opinion the proper weight on the basis of: (1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist. Id. at 626. *See also* Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ must give good reasons for the weight assigned to a medical opinion and set forth specific, legitimate reasons for rejecting an opinion of an acceptable treating source. Watkins, 350 F.3d at 1300-1301. On remand, the ALJ shall re-examine the additional limitation of PA-C Wainwright and consider its effects upon the RFC.

Claimant also asserts that while the ALJ expressly states in the decision that she gave the opinions of Dr. William Farrell and Dr. Howard Atkins "great weight", she did not include the restrictions on Claimant's ability to maintain concentration, persistence, or pace recognized by these sources in the RFC. Again, the ALJ must consider every medical opinion. Additionally, when evaluating the evidence, the ALJ cannot pick and choose the evidence upon which she relies simply because it supports her

8

finding of non-disability.  Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).  The ALJ discussed Dr. Farrell's and Dr. Atkins' opinions to the extent it supported her ultimate findings on Claimant's RFC but did not mention the restriction which was not included in the RFC.  If the ALJ rejected this portion of the opinion as she seemingly did, she must set forth the reasoning for doing so - especially when she expressly states the opinion is given great weight.  Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003).  On remand, the ALJ shall consider these additional limitations.

Claimant also contends that the ALJ should have included limitations related to her rotator cuff syndrom and carpal tunnel syndrome - both of which were found to be non-severe.  Nothing in the record indicates a medical source evaluating Claimant's limitations imposed a further restriction upon her ability to reach, handle, or finger as suggested by Claimant based upon these conditions.

**Other Evidence Relied Upon by ALJ**

Claimant argues that the ALJ should not have relied upon the fact that Claimant lost her CNA license as a result of a felony conviction rather than a disability.  It does not appear from the decision that the ALJ relied upon this fact to deny disability.  She

still recognized her past relevant work as a CNA. (Tr. 29).

Several other pieces of evidence is cited by the ALJ and challenged by Claimant. The fact the ALJ characterized Claimant's spinal surgery as "successful" when she still suffered decreased range of motion, pain, and lumbar limitations, that she characterized Claimant's treatment as "conservative", and relied upon activities of daily living to discredit Claimant should all be re-examined on remand as a part of the overall review of the evidence in the case.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 18th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE