# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANN SUMKA,                              )
                                        )
       Plaintiff,              )
                                        )
v.                                      )  Case No. CIV-17-471-KEW
                                        )
COMMISSIONER OF THE SOCIAL              )
SECURITY ADMINISTRATION,                )
                                        )
       Defendant.              )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #19). By Order and Opinion entered March 18, 2019, this Court reversed the decision of the Commissioner to deny Claimant's application for disability insurance benefits under Title II and XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 35.50 hours of time expended by her attorney at the stipulated fee rate for a total request of $7,004.20 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending his position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the

position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The ALJ's decision was initially reversed because ALJ failed to consider Claimant's borderline age situation. Claimant was within less than six months of 50 years of age which would have placed her in this more advanced age group. This Court rejected then and now the notion that because Claimant was approximately five and a half months

2

from the "closely approaching advanced age" category, she was too far removed from 50 years of age to be considered in this category. A multitude of case authority requires the ALJ to consider this fact in his analysis. *See e.g.*, Welch v. Astrue, 2010 WL 5288205, *6 (D. Kan. 2010)(discussion of Tenth Circuit and District Court case authority finding a claimant within six months of the "closely approaching advanced age" category should have the fact considered.)  Moreover, Defendant contends that consideration of the "closely approaching advanced age" category's impact is "merely a possibility, not a definite fact" reduces the persuasiveness of the deficiency in the ALJ's decision is self-answering – an ALJ must consider the "mere possibility" to know if there is any impact.  This Court cannot conclude that this position is substantially justified given the case authority.

This Court also finds that the ALJ's consideration of the referenced opinion evidence was not substantially justified given the "great weight" given to the opinion but the failure to include the restrictions found by the medical professional in the RFC or explain why they were not included.  Consideration of the medical opinion evidence includes references to those portions of the opinions which are rejected.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #19) is hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $7,004.20.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 10th day of April, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE